## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN W. HASTINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 6:17-cv-1283 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

COMES NOW Plaintiff, John W. Hastings, by and through counsel, and for his Complaint against Defendant, BNSF Railway Company, a Delaware corporation, respectfully states and alleges as follows:

### PARTIES

1.      Plaintiff, John W. Hastings is and was at all times herein relevant a citizen and resident of the State of Kansas, residing in Buhler, Kansas.

2.      Defendant, BNSF Railway Company ("BNSF") is a foreign corporation organized and existing according to law, conducting business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including in and through the State of Kansas.  At all times material BNSF received, accepted and transported various shipments of freight in and through the State of Kansas, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times material was and is presently conducting business in and through the State of Kansas.

1

3.     Defendant BNSF can be served through its agent for service of process at The Corporation Company, 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603.

## JURISDICTION & VENUE

4.     Jurisdiction is appropriate under 28 U.S.C. § 1331 as Plaintiff's Complaint involves a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA") and this Court has subject matter jurisdiction over this claim pursuant to 45 U.S.C. § 56.

5.     A substantial part of the events giving rise to Plaintiff's cause of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6.     Plaintiff's cause of action arose less than three years from the filing of this cause of action which is timely filed pursuant to 45 U.S.C. § 56 of the FELA.

## FACTUAL ALLEGATIONS

7.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 and 2 of his Complaint as if the same were set forth verbatim herein.

8.     At all times material herein, Plaintiff was employed by Defendant BNSF as a Carman employee based out of Hutchinson, Kansas and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of Defendant BNSF's interstate commerce activities and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant BNSF as a railroad company.

9.     On December 8, 2015 Plaintiff was working in the course and scope of his railroad employment for Defendant BNSF in Superior, Nebraska.  Plaintiff and his coworker had to change out defective railcar wheels and replace the slack adjuster on railcar UTLX 210392.  Plaintiff went into the bed of the BNSF wheel truck to manually lift the new slack adjuster so that he could then

hand it off to his coworker who was on the ground adjacent to the wheel truck.  When Plaintiff manually lifted the new slack adjuster weighing in excess of eighty (80) pounds, Plaintiff felt a sharp pain in and sustained serious injuries to his right upper extremity and right shoulder.

10.     Pursuant to the FELA Defendant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods and procedures for work, and a duty to exercise ordinary care in connection with all aspects of Plaintiff's working environment specifically including on December 8, 2015.

11.     Defendant BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a)     Defendant failed to provide Plaintiff with a reasonably safe place to work with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(b)     Defendant failed to provide Plaintiff with reasonably safe conditions for work with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(c)     Defendant failed to provide Plaintiff with reasonably safe and adequate tools and equipment for work with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(d)     Defendant failed to provide Plaintiff with reasonably safe methods and procedures for work with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(e)     Defendant failed to provide Plaintiff with reasonably safe and adequate supervision with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(f)     Defendant customarily failed to enforce its own safety rules governing the maximum amount of weight an employee should individually lift on their own without mechanical assistance;

(g)     Defendant failed to provide Plaintiff with reasonably safe and adequate training with regard the work task being performed at the time and place where Plaintiff was injured;

(h)     Defendant allowed and permitted unsafe work procedures to exist with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(i)     Defendant allowed and permitted unsafe work practices and procedures to become customary and accepted work practices with regard to the amount of weight BNSF permitted its employees to lit individually on their own without mechanical assistance;

(j)     Defendant failed to comply with one or more applicable statutory provisions set forth under the Federal Safety Appliance Act with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(k)     Defendant failed to comply with one or more of the statutory provisions set forth in the    applicable Code of Federal Regulations with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured;

(l)     Defendant failed to comply with one or more of the applicable statutory provisions as promulgated by the Occupational Safety & Health Administration ("OSHA") with regard to Plaintiff's working environment and the work task being performed at the time and place of Plaintiff's injury incident; and/or

(m)     Defendant failed to comply with one or more of the standards set forth by the National Institute for Occupational Safety and Health ("NIOSH") with regard to Plaintiff's working environment and the work task being performed at the time and place where Plaintiff was injured.

12.     Defendant BNSF knew, or in the exercise of ordinary care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

13.     Plaintiff's injuries were caused, even in the slightest, as a result of one or more of Defendant BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's duties under the FELA

and/or the Safety Appliance Act.

14.     As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries and/or aggravation of preexisting asymptomatic conditions to his right upper extremity and right shoulder with straining, spraining, tearing, twisting, and/or pulling to the soft tissues, ligaments, tendons, muscles, cartilages, blood vessels, and nerves of the aforementioned body parts, all of which have resulted in severe pain, limitation of motion, loss of function, sensory changes, permanent impairment, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily, physical and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain, anxiety and disability in the future.

15.     As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will require additional care and treatment in the future, and has incurred expenses for his medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will incur such additional expenses in the future.

16.     As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries to his right upper extremity and right shoulder and has sustained a past wage loss and an impairment of his earning capacity, both past and future, and a loss of fringe benefits of employment, both past and future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John W. Hastings prays for judgment of and from Defendant BNSF Railway Company for such general and special damages as he is entitled to recover under law in excess of seventy five thousand dollars ($75,000.00), together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not.

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Respectfully submitted,

CHOD LAW, LLC

/s/ *Jeffrey E. Chod*
Jeffrey E. Chod
P.O. Box 17727
Denver, CO 80217-7727
Telephone: (314) 541-5862
Facsimile: (719) 470-2244
E-Mail: jchod@chodlawfirm.com

**ATTORNEY FOR PLAINTIFF**